IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                                                        CASE NO. 1:14-mj-8-GRJ-1

MATILDA JEAN RENFRO,

_____/

## **O R D E R**

This matter is before the Court on Doc. 58, Defendant's Motion to Dismiss on Constitutional Grounds.  Defendant requests that the Court dismiss the citation in this case, which charges her with disorderly conduct in violation of 38 C.F.R. § 1.218(b)(11). According to Defendant, she was arrested in violation of the Fourth Amendment because the regulation under which she is charged violates the First Amendment and is unconstitutionally vague and overbroad.

Defendant's main challenge to the citation is that 38 C.F.R. § 1.218(b)(11), the regulation under which she is charged, violates speech protected under the First Amendment. This argument fails because the VA hospital is considered a nonpublic forum, and not a public forum. As a nonpublic forum speech at the VA hospital is subject to rational basis review, which is the most deferential standard of review available under the First Amendment.  *United States v. Fentress*, 241 F. Supp. 2d 526, 531 (D. Md. 2003). Because the VA has a "legitimate interest in making a hospital a place of rest and healing" a "prohibition on 'loud, boisterous, and unusual noise' which impedes the operation of the hospital" is "reasonable in the vast majority of situations." *Id.*  Thus, as found by the Court in *Fentress*, "[t]here are very few instances, if any,

where the regulation [38 C.F.R. § 1.218(b)(11)] would have the effect of unconstitutionally prohibiting speech." *Id.*  Accordingly, Defendant's argument that 38 C.F.R. § 1.218(b)(11) violates the First Amendment because it restricts protected speech has no merit.

With regard to Defendant's challenge to 38 C.F.R. § 1.218(b)(11) on overbreadth and vagueness grounds, the Supreme Court has held that when the First Amendment is implicated, imprecise laws can be attacked on their face as either overbroad or impermissibly vague.  *City of Chicago v. Morales*, 527 U.S. 41, 53 (1999).

Turning first to Defendant's vagueness challenge, 38 C.F.R. § 1.218(b)(11) is not too vague to give constitutionally adequate notice.  Vagueness can invalidate a criminal law when it either fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits or will authorize and even encourage arbitrary and discriminatory enforcement.  *City of Chicago*, 527 U.S. at 56.

In *United States v. Williams*, 1990 WL 811, at *2 (6th Cir., Jan. 8, 1990) the Sixth Circuit addressed a vagueness challenge to 38 C.F.R. § 1.218(b)(11) and concluded that "the controlling standard of conduct is reasonably clear: if the conduct would tend to disturb the routine operations of a VA hospital, such conduct is prohibited."  The *Williams* court went on to state that: "[w]hile the regulations could further particularize the conduct they seek to prohibit, imposing such a burden on the regulations' drafters would make impossible the task of writing criminal statutes broad enough to encompass a panoply of conduct and specific enough to fairly apprise citizens of what behavior is unlawful." *Id.*  Consistent with *Williams* every other court that has addressed this issue

has held that 38 C.F.R. § 1.218(b)(11) is not void for vagueness.  *See, e.g. United States v. Agront*, 2013 WL 1441942 (N.D. Ca. April 9, 2013); *United States v. Dyers*, 2007 WL 397109 (N.D. Ga. Jan. 30, 2007);  *Fentress*, 241 F. Supp. 2d 526. Accordingly, this Court also concludes that 38 C.F.R. § 1.218(b)(11) is not unconstitutionally vague on its face.

Defendant also challenges the regulation as overbroad.  The basis for invalidating a statute as "overbroad" comes from the potential that such a statute would have a chilling effect on protected speech.  *Weaver v. Bonner*, 309 F.3d 1312, 1318-19 (11th Cir. 2002).  The challenger bears the burden of demonstrating, "from the text of [the law] and from actual fact," that substantial overbreath exists.  *Virginia v. Hicks*, 539 U.S. 113, 122 (2003).  In this case, Defendant has not demonstrated how this provision is overbroad or how it "substantially" affects others' First Amendment rights. Furthermore, courts that have addressed this issue have found that 38 C.F.R. § 1.218(b)(11) is not overbroad. *Dyers*, 2007 WL 397109 at *5; *Fentress*, 241 F. Supp. 2d at 528.  Therefore, the Court concludes that Defendant has failed to meet her burden of demonstrating that the regulation is overbroad.

To the extent that Defendant argues that the regulation is unconstitutionally vague as applied to her, her argument must also fail.  The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."  *United States v. Fisher*, 289 F.3d 1329, 1333 (11th Cir. 2002).  The provision Defendant challenges prohibits

"[d]isorderly conduct which creates loud, boisterous, and unusual noise, or which obstructs the normal use of entrances, exits..." 38 C.F.R. § 1.218(b)(11).  The language in the regulation is clear that yelling in the hospital, which Defendant alleges she did, would be a violation of the regulation.  Thus, the regulation as applied to Defendant is not unconstitutionally vague.

Finally, while Defendant does not explicitly argue that she should have been charged under 38 C.F.R. § 1.218(a)(5), the substantive provision, instead of 38 C.F.R. § 1.218(b)(11), the penalty provision, she states that "she also is alleged to have referred to herself or others using an offensive and derogatory term, tending to support a violation of 38 C.F.R. § 1.218(a)(5)..."  As the Court in *Williams* explained, "the language of the penalty section is similar to that of the substantive offense section and both sections explicitly prohibit the conduct for which [Defendant] was convicted." *Williams*, 1990 WL 811 at *2.  Thus, the fact that the citation charges Defendant under the penalty provision of (b)(11) rather than under the substantive provision in (a)(5) does not invalidate the citation.

Accordingly, upon due consideration, it is **ORDERED:**

Defendant's Motion to Dismiss on Constitutional Grounds, Doc. 58, is **DENIED**.

**DONE AND ORDERED** this 2nd day of February 2015.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge